UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUAH MCCAVITT, | No. 2:22-cv-1926 KJM KJN P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| PATRICK COVELLO, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner paid the filing fee.

Petitioner challenges the denial of his motion for resentencing, claiming he is entitled to resentencing under California Penal Code § 1170.95, and seeks the removal of the life term.

As discussed below, the petition should be dismissed with prejudice.

Preliminary Review

Rule 4 of the Rules Governing § 2254 Cases requires the court to make a preliminary review of each petition for writ of habeas corpus. The court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that

////

1

no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Procedural History

On February 7, 2014, petitioner was convicted of second degree murder and gross vehicular manslaughter.  Petitioner was sentenced to an indeterminate term of 15 years to life in state prison, plus a consecutive determinate term of two years for an out-on-bail enhancement.

During petitioner's trial, the prosecution did not pursue a theory of felony murder, a theory of aiding and abetting murder, or a theory that murder was the natural and probable consequence of some other crime aided and abetted by petitioner.  See McCavitt v. Covello, 2:21-cv-0774 KJM KJN P (E.D. Cal.) (ECF No. 27-6 at 123-62 (jury instructions).)[1]

Petitioner filed a petition for resentencing in the El Dorado County Superior Court, which denied the petition in September of 2019.  Covello, 2:21-cv-0774 KJM KJN P (ECF No. 27-14).

Petitioner filed an appeal in the California Court of Appeal for the Third Appellate District.  On April 26, 2021, the appellate court affirmed the trial court's denial of the petition for resentencing under California Penal Code Section 1170.95 and Senate Bill No. 1437.  (ECF No. 1 at 24-31.)  The state appellate court summarized the underlying facts as follows:

> In September 2012, [petitioner], while intoxicated on alcohol and various drugs, sped his vehicle into oncoming traffic.  As the victim slowly drove her car around a curve in the road, [petitioner] crashed his car head-on into the victim's car.  The impact propelled [petitioner's] vehicle over the victim's hood and into the cab of the car.  Both cars flipped over, and the victim died instantly.  Witnesses described the sound of their impact as an explosion.

(ECF No. 1 at 25.)  The state appellate court found that "the jury instructions and verdict show that [petitioner] was prosecuted and convicted of second degree murder based on a theory of implied malice.  And because [petitioner] was convicted on a theory of implied malice, the amendments made by Senate Bill 1437 have no effect on [petitioner's] conviction." (ECF No. 1

---

[1] Petitioner previously sought habeas relief on the merits.  Covello, 2:21-cv-0774 KJM KJN P. A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).  On December 1, 2022, the undersigned recommended that the petition be denied on the merits.  Covello, 2:21-cv-0774 KJM KJN P (ECF No. 36).

at 29-30.) The use of the phrase "natural and probable consequences" in the jury instructions was "separate and distinct from the natural and probable consequences doctrine. Indeed, there would be no basis to instruct the jury on the natural and probable consequences doctrine because that doctrine is clearly inapplicable." (ECF No. 1 at 30.) Here, petitioner "was the killer. He did not aid and abet another person in the commission of a separate, target crime." (ECF No. 1 at 31.)

Petitioner filed a petition for review. Covello, 2:21-cv-0774 KJM KJN P (ECF No. 27-25). On July 14, 2021, the California Supreme Court granted the petition for review, but deferred further action "pending consideration and disposition of a related issue in People v. Lewis, S260598 . . . or pending further order of the court." (ECF No. 1 at 32.)

On October 20, 2021, the California Supreme Court dismissed the petition for review. (ECF No. 1 at 33.)

California Senate Bill 1437

In 2019, Senate Bill 1437, Cal. Stats. 2018, ch. 1015, "was enacted to 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" People v. Martinez, 31 Cal. App. 5th 719, 723, 242 Cal. Rptr. 3d 860 (2019) (citation omitted). Among other things, Senate Bill 1437 added California Penal Code section 1170.95[2] which, under certain circumstances, permitted a person convicted of felony murder or murder under a natural and probable consequences theory to file a petition with the sentencing court to vacate the petitioner's murder conviction and resentence the petitioner on any remaining counts.

Failure to State a Cognizable Federal Claim

The petition fails to state a cognizable habeas claim. Petitioner claims he should be resentenced based on recent changes to California Penal Code § 1170.95 pursuant to Senate Bill

---

[2] Subsequently, section 1170.95 was amended and renumbered as section 1172.6. Because petitioner invokes section 1170.95, and most of the case law cited herein uses section 1170.95 rather than section 1172.6, the undersigned references the law by its former number.

1437.  However, a petitioner seeking federal habeas relief must allege that he is in custody "pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  "[F]ederal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (citations omitted).  "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir. 1989).

Here, petitioner challenges the state court's application of state sentencing laws.  Such a claim does not give rise to a federal question cognizable on federal habeas review. Lewis v. Jeffers, 497 U.S. 764 (1990); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question.")  Petitioner fails to state a cognizable federal habeas claim because the California state courts applied state law, Senate Bill 1437, and determined that petitioner is not eligible for state law relief.  The instant petition attempts to challenge the California state courts' interpretation and application of California state law, but this court has no authority in habeas to address such a challenge.  Thus, the petition should be dismissed with prejudice.

Petitioner's allegation that such sentencing error violated his right to due process is also unavailing.  See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (adding the phrase "due process" to state law claims does not transform them into federal claims; rather, they remain state law claims "dressed up" as federal due process claims).  "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994).  A state court's misapplication of state sentencing law may violate due process only if a petitioner can demonstrate both state sentencing error and that the error was "so arbitrary or capricious as to constitute an independent due process [violation]." Richmond v. Lewis, 506 U.S. 40, 50 (1992).

Here, the state court's finding that petitioner was the actual killer and therefore was not eligible for resentencing was not arbitrary or capricious.  See Blachard v. Pollard, 2020 WL 8484690, at *3 (N.D. Cal. Dec. 11, 2020) (state court's determination that petitioner was not eligible for § 1170.95 resentencing because evidence in record showed that he was the actual

4

killer in his case was not arbitrary or capricious and therefore did not deprive petitioner of due process).

Accordingly, IT IS HEREBY RECOMMENDED that the petition be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 12, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mcca1926.156